# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

SCOTT MILLER,

    Plaintiff,

v.                                        CASE NO. 8:17-cv-3056-T-02CPT

ALLSTATE PROPERTY AND CASUALTY
INSURANCE COMPANY,

    Defendant.
_____/

## ORDER ON COSTS

Before the Court is the renewed, proposed Bill of Costs (Dkt. 79), the response in opposition (Dkt. 83), and the reply (Dkt. 85). After careful consideration of the submissions of the parties and the entire file, the Court grants in part the requested costs.

### Recoverable Deposition Costs

Defendant's motion for summary judgment was granted and affirmed on appeal. As the prevailing party, Defendant may recover costs unless a federal statute, the Federal Rules of Civil Procedure, or court order provides otherwise. Fed. R. Civ. P. 54(d)(1).[1] Costs are allowed for the "[f]ees for printed or

---

[1] Rule 54(d)(1) provides in pertinent part:

electronically recorded transcripts necessarily obtained for use in the case." 42 U.S.C. § 1920(2).

Section 1920 does not specifically allow for certain deposition costs such as court reporter appearance fees and the costs of delivery, shipping, handling, or postage. Courts in this district have permitted recovery of court reporters' appearance fees. *See Brazill v. Miners,* No. 14-cv-3131-T-27TGW, 2018 WL 1609960, at *2 (M.D. Fla. Apr. 3, 2018) (citations omitted); *Chico's FAS, Inc. v. Clair*, No. 2:13-cv-792-FtM-38MRM, 2018 WL 1833134, at *9 (M.D. Fla. Jan. 25, 2018) (noting "it makes little sense" to exclude appearance fees when court reporters are necessary to conduct depositions), *adopted by,* 2018 WL 1062726 (M.D. Fla. Feb. 27, 2018). Delivery and handling fees, on the other hand, are not taxable under § 1920. *Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996) (postage unrecoverable); *Watson v. Lake Cty.*, 492 F. App'x 991, 997 (11th Cir. 2012) (shipment costs unrecoverable).[2]

The per page rate for deposition transcripts must be reasonable, whether transcribed in the normal course of business or on an expedited basis. Costs of expedited transcripts are taxable only if there is a showing of need, such as meeting

---

*Costs Other Than Attorney's Fees*. Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party.

[2] *See, e.g.*, *Pena v. RDI, LLC*, No. 8:17-cv-1404-T-AAS, 2019 WL 3017574, at *2 (M.D. Fla. July 10, 2019) (citing *Duckworth* and *Watson*).

court deadlines.  *Brooks v. Healthcare-IQ, Inc.*, 8:17-cv-1897-T-02JSS, 2019 WL 1383020, at *1 (M.D. Fla. Mar. 27, 2019) (citations omitted).

## Analysis

Defendant seeks the costs of purchasing nine depositions for a total of $4,651.27.  Dkts 79, 83.  Plaintiff concedes the depositions of Mr. Jimenez, Mr. Bopp, Mr. Connolly, and Ms. Maus were used in summary judgment, but Plaintiff seeks to reduce the costs to $3.00 per page.  Dkt. 83 at 4, 6.  The remaining depositions of Mike Miller, Cindy Fletcher, Wayne Martin, Plaintiff Scott Martin, and Steven Rawls are contested as to both whether they were necessarily obtained for use in the case and, if so, the per page rate.  Plaintiff also contests the deposition delivery fees, any charges for exhibits, and any additional charges for expediting transcripts.

*Depositions of Mr. Miller, Ms. Fletcher, Mr. Wayne Martin, Plaintiff Scott Martin, and Mr. Rawls*

Deposition testimony need not be used at summary judgment to recover the costs of the transcripts.  *In re Fundamental Long Term Care, Inc.*, 753 F. App'x 878, 882 (11th Cir. 2019) (citation omitted); *Sweet Sage Café, LLC v. Town of Redington Beach, Fla.*, 8:18-cv-1080-T-02CPT, 2019 WL 1959907, at *1 (May 2, 2019) (citing same).  If the depositions played even a "minimal" role in the prevailing party's ultimate success, the transcription costs are permitted.  *EEOC v. W&O, Inc.*, 213 F.3d 600, 621 (11th Cir. 2000); *Sweet Sage*, 2019 WL 1959907, at

3

\*1 (citing same).  The Court considers whether any part of the depositions related to any existing issue in the case at the time the depositions were taken.  *W&O, Inc.*, 213 F.3d at 621 (citation and quotation omitted).

In ruling on the summary judgment, the Court reviewed all the depositions filed on the docket.  Although not conceded, the deposition of Plaintiff Scott Martin was filed and used in support of summary judgment and therefore "necessarily obtained."  *See* Dkt. 53 (depo. of Scott Martin filed in support of summary judgment); Dkt. 50 at 4, 7 (references to deposition in motion for summary judgment).

Plaintiff took the deposition of Mr. Miller, a claims adjuster in the litigation unit for Defendant.  Dkt. 31-4.  Mr. Miller's deposition was cited in Plaintiff's motion for partial summary judgment (Dkt. 56 at 9), by Defendant's expert witness Ms. Maus as one the documents relied upon in formulating her opinion regarding bad faith (Dkt. 52; Dkt. 85-1), and by Plaintiff's expert Mr. Rawls regarding Defendant's handling of the claim (Dkt. 85-2).  Defendant was required to review the deposition of its own senior claims adjuster to prepare the response to Plaintiff's unsuccessful summary judgment, to properly challenge Plaintiff's expert's opinion, and to understand its own expert's opinion.  Each expert opined on the issue of claims handling and bad faith, each relied on the deposition in reaching their respective opinions, and these issues were argued in summary

judgment. At the time the deposition was taken it was necessarily obtained for use in the case.

Plaintiff noticed the deposition of Ms. Fletcher, the senior claims adjuster for Defendant who handled this claim, which deposition was filed in support of Plaintiff's motion for summary judgment. Dkt. 56-2. Her testimony was cited in Plaintiff's motion (Dkt. 56 at 3–4. 6) and by Defendant's expert Ms. Maus (Dkt. 52; Dkt. 85-1) and Plaintiff's expert Mr. Rawls (Dkt. 85-2) in their reports. For the same reasons allowing recovery of Mr. Miller's deposition, this deposition was necessarily obtained for use in this case.

Plaintiff took the deposition of Wayne Martin, Defendant's corporate representative. Dkt. 31-11. Mr. Martin's testimony was relied on by both Plaintiff's and Defendant's experts. Dkts. 85-1, 85-2. This deposition was necessarily obtained to properly evaluate and analyze the two expert opinions in preparation for the summary judgment motions.

Defendant took the deposition of Mr. Rawls, Plaintiff's expert witness. Dkt. 46-1. Defendant filed the deposition in support of its motion to disqualify him as an expert. Dkt. 46 at 6, 9. The Court ruled on the competing motions for summary judgment at the same time as the motion to disqualify. Dkt. 68. Although the Court denied the motion to disqualify as moot (Dkt. 68 at 24), the deposition was nevertheless necessarily obtained for use in this case. Having determined that all

nine depositions should be taxed, the Court next addresses the exact amounts recoverable for each deposition.

*Reduction of Costs regarding all Nine Depositions*

Plaintiff requests 1) denying delivery fees, exhibit costs, and rough draft charges, and 2) reducing the per page charge to $3.00, which would include eliminating any expediting charges. Plaintiff does not take issue with the court reporter appearance fees.

As noted above, delivery fees are not taxable. *See Duckworth*; 97 F.3d at 1399; *Watson*, 492 F. App'x at 997. Exhibits to the deposition are taxable. *See Anwad v. Largo Med. Ctr., Inc.*, No.8:11-cv-1638-T-24TBM, 2013 WL 6198856, at *4 (M.D. Fla. Nov. 27, 2013) (holding exhibits may be ordered to get a complete understanding from the transcripts). The cost of a rough draft is generally not taxable absent a compelling reason not rooted in the convenience of the parties. *See Kearney Constr. Co. v. Travelers Cas. & Surety Co. of Am.*, No. 8:09-cv-1850-T-30CPT, 2019 WL 3208445, at *5 (M.D. Fla. June 28, 2019) (listing cases in this district holding "rough draft and expedited costs incurred merely for the convenience of counsel are not taxable"), *adopted by*, 2019 WL 3207025 (M.D. Fla. July 16, 2019); *Meidling v. Walgreen Co.*, 8:12-cv-2268-T-TBM, 2015 WL 12838340, at *4 (M.D. Fla. June 19, 2015) (holding rough draft not taxable).

Court reporter appearance fees, as noted earlier, are taxable. *See Chico's FAS, Inc.*, 2018 WL 1833134, at *9.

Following these authorities, the $9.00 exhibit fee for the deposition of Mr. Wayne Martin is permitted. The delivery fees of $35.00 for Ms. Fletcher's deposition, $28.00 for Mr. Bop, $28.00 for Mr. Connolly, and $28.00 for Ms. Maus, are not allowed. The court reporter appearance fees in the amounts of $80.00 for Plaintiff Scott Martin's deposition, $80.00 for Mr. Jimenez's, and $200.00 for Mr. Rawls' are allowed. The $155.75 "rough e-transcript" for Mr. Rawls will be permitted, because Defendant has shown it was necessary to receive the rough draft in an expedited manner to prepare a timely motion to disqualify and motion for summary judgment.

Apart from these charges, Plaintiff seeks a reduction in price per page across the board to $3.00. Plaintiff's reliance on *Soricelli v. GEICO Indem. Co.*, No. 8:16-cv-1535-T-30TBM (M.D. Fla. Mar. 14, 2018) (Dkt. 83-1; Dkt. 83 at 6), to support a $3.00 cap, however, is misplaced. In *Soricelli*, an unexplained discrepancy existed between the court reporter's rate charged to GEICO ($3.00) versus the more expensive rate charged to the plaintiff. Dkt. 83-1 at 6. Here, there is no evidence of charging one party more than the other.

No other authority has been cited in support of a $3.00 rate. This district has approved a per page rate beginning at $3.65 for hearing transcripts prepared by "a

court reporter serving the Middle District of Florida." *In the Matter of Maximum Transcript Rates for Court Reporters*, No. 6:07-mc-97-T-23 (M.D. Fla. Apr. 6, 2018). The rate increases based on the turnaround time. This published rate table for court reporters, however, does not necessarily limit the acceptable transcription rate of private stenographers.[3] Courts in this district have used the rate table as a guide when warranted, but have not applied it as a bar to an otherwise reasonable rate. *See, e.g., Meidling*, 2015 WL 12838340, at *4 (applying $3.65 cap as this district's "benchmark" where charges per page were not capable of determination); *Anwad,* 2013 WL 6198856, at *4 n.1 (reducing $6.30 expedited rate to $4.30 regular rate).[4]

Applying these directives to the depositions at issue, the Court finds the rates reasonable. Notably, it was the Plaintiff who procured the court reporter for the depositions of Ms. Maus, Mr. Bopp, and Mr. Connolly, with a non-expedited $4.39 per page rate. Ms. Maus' deposition was expedited by the Plaintiff, not the Defendant, and the expedited billing was passed on to Defendant as well. The rate

---

[3] *See Ashkenazi v. S. Broward Hosp. Dist.*, No. 11-61403-Civ, 2014 WL 3673308, at *3 (S.D. Fla. July 23, 2014) (concluding clerk's fee schedule applicable to court reporters is "not binding in assessing the reasonableness of a private stenographer's deposition-transcript fees"); *Patsalides v. City of Fort Pierce*, No. 15-14431-Civ, 2017 WL 10402989, at *3 (S.D. Fla. Sept. 20, 2017) (noting some courts in Southern District limit per page allowance to non-expedited, regular rate of $4.02 per clerk's office fee schedule).

[4] *See also Scottsdale Ins. Co. v. Wave Techs. Commc'ns, Inc.*, No. 8:07-cv-1329-T-30MAP, 2012 WL 750317, at *2 (M.D. Fla. Mar. 7, 2012) (awarding the billed $3.65 per page rate "applicable in the Middle District").

for Mr. Jimenez's deposition was $4.60.  This rate is not unreasonable in view of the Plaintiff's acceptance of the $4.39 rate.  This same rate has been taxed for a non-expedited deposition by another court.  *See Stephen v. H. Lee Moffitt Cancer Ctr. & Research Inst. Lifetime Cancer Screening Ctr., Inc.*, No. 8:15-cv-556-T-36AAS, 2017 WL 5712902, at *2 n. 2 (M.D. Fla. Oct. 30, 2017) (finding as reasonable $4.60 regular rate), *adopted by*, 2017 WL 5705504 (M.D. Fla. Nov. 27, 2017).  The full transcription costs are allowed for each of the non-expedited depositions: Mr. Wayne Martin at $363.40; Plaintiff Mr. Scott Martin at $119.60; Mr. Bopp at $163.30; Mr. Connolly at $601.45; Mr. Jimenez at $213.40; and Mr. Rawls at $464.60.

As to the three expedited depositions, Defendant has shown that court deadlines, as opposed to mere convenience, warranted their speedy transcription. The depositions of both claims adjusters, Mr. Miller and Ms. Fletcher, were prepared on an expedited basis on August 30, 2018, to be reviewed in formulating Ms. Maus' expert opinion.  At the time, expert disclosures were due September 7, 2018, even though the deadline was later extended.  Dkts. 14, 19.  Plaintiff deposed Ms. Maus on October 31, 2018, and ordered it expedited for the following day. Dkt. 52 at 121–22.  Both parties needed the transcripts to prepare their summary judgment motions due December 7, 2018.  The full costs will be taxed for the

expedited transcripts: Mr. Miller ($442.06); Ms. Fletcher ($611.11); and Ms. Maus ($1,108.60).

It is therefore **ORDERED and ADJUDGED** as follows:

1. Costs are awarded for the transcripts of all nine depositions totaling $4,016.52, the court reporter appearance fees totaling $360.00, and the rough e-transcript of $155.75.

2. Costs are denied for the delivery fees totaling $119.00.

3. The Courtroom Deputy Clerk is directed to enter a Bill of Costs in favor of Defendant showing the reduced amount for transcripts of $4,532.27 on line 3 of the proposed Bill of Costs (Dkt. 79-1). Other amounts for fees of the Clerk, for service, and for printing remain the same. The new total is reduced to $4,998.77.

**DONE AND ORDERED** at Tampa, Florida, on August 17, 2020.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**Copies furnished to**:
Counsel of record